## STATE v. PERKINS.

An indictment, for keeping for sale fermented cider in less quantity than ten gallons, need not contain a denial that it was intended to be sold elsewhere than in this state.

ALLEN, J.   The ground of the motion to quash the indictment is, that it does not with sufficient definiteness describe the offence so as to give the defendant full information of what the state expected to prove against him.   Ordinarily, in indictments for offences created by statute, it is sufficient to describe the offence in the words of the statute.   State v. Abbott, 31 N. H. 434; State v. Blaisdell, 33 N. H. 395; State v. Wentworth, 37 N. H. 222.

The indictment charges that the respondent, on, &c., at, &c., "not being an agent of any town, place, or city for the purpose of selling spirit, with force and arms did then and there unlawfully, knowingly, and criminally keep for sale fermented cider in less quantity than ten gallons, which said fermented cider was not then and there kept for sale by a manufacturer at the press, contrary," &c.; and the description is substantially in the language of the statute creating the offence.   G. L., c. 109, s. 15.   The defendant's claim, that the description of the offence should contain an averment of keeping the cider with intent to sell the same in New Hampshire and not elsewhere, is a claim not warranted by the statute.   "Keeping for sale" is the language of the statute.   The indictment uses the phrase, and names the place of the offence; and it is not necessary to aver a negative of an intent to sell anywhere else.   If keeping the cider with an intent to sell elsewhere than at the place charged in the indictment would be a different offence, it is not necessary to exclude the different offence by a formal denial; and if such keeping with intent to sell elsewhere is no offence, it cannot be necessary to negative such intent.   It is not alleged that any specific quantity less than ten gallons was kept for sale, but some quantity less than that.   Had the specific quantity kept for sale been alleged, it would have been necessary to use other words limiting the amount to the specific measure, that it might be certain that a less quantity than ten gallons was intended.   Commonwealth v. Odlin, 23 Pick. 275.   As it is, language could not be used to make it more certain that fermented cider less than ten gallons, by measure, was alleged to be kept for sale.   The indictment charges the offence substantially in the language of the statute, and with sufficient certainty.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.

*Edward G. Leach*, solicitor, for the state.

*A. F. L. Norris* and *Henry Robinson*, for the defendant.